———o———

## No. 3738.

(Court of Appeal, Parish of Orleans.)

## CHARLES E. LINDMARK vs. SOUTHERN CAN CO., LTD.

Appeal from Civil District Court, Division "D."

Louis F. Bryant, for Plaintiff and Appellant.

Rapp & Weiss, for Defendant and Appellee.

Issues of fact only are involved herein.

DUFOUR, J. This controversy, in which plaintiff sues defendant for a balance of wages of $1416, finds its origin in the following document:

"New Orleans, La., March 15, 1904.
"Mr. C. E. Lindmark,
        "Chicago, Ill.
"Dear Sir:

"Since writing you, our Board of Directors concluded and definitely settled upon 'you' as our practical Superintendent of the Mechanical Department, on the following conditions, to-wit:

"That you are to enter our employ as Superintendent and practical man of the Mechanical Department of the Factory proper on a trial of say three (3) months, from April 1st, 1904, at a salary of $24.00 per week, and if at the expiration of said three

months trial you proved your efficiency and ability to our Company, to raise your wages to thirty ($30) dollars a week, and will enter into an agreement with you for one year.

"Now if this proposition meets your views, you may wire us at once and get ready to come and be here by April 1st, at our expense, etc.

"Very respectfully,

"SOUTHERN CAN CO., LTD.·

"FRED. D. BECKER, Secretary."

Lindmark accepted the proposition and worked for the defendant until August 13th, when he was discharged, as he says, without serious cause of complaint.

The defendant's position is that they had the right to discharge plaintiff at pleasure, there being no contract between them at the time of said discharge.

The defendant's position is correct. The contract was limited to three months, and did not provide for an absolute continuance or renewal of the same, but merely for a new contract for a different period and a different price, if Lindmark proved his ability and efficiency to the company.

Lindmark admits that he made no new contract either with the company or its secretary, Becker; that after the three months of probation had expired, Becker continued to give him $24 instead of $30.00 per week, and told him that the Board of Directors had not yet met to consider his claim to re-employment.

Death deprived defendant· of Becker's testimony, but, without it, and on plaintiff's own proof, it is clear that no new contract was made, as it was defendant's option to make, and the latter had the right to discharge plaintiff. His stay after three months was at most an extension of the probationary period.

Judgment affirmed.